CHARLES J. VOGEL AND ANOTHER v.
HERBERT GRUENHAGEN.[1]

January 2, 1953.

No. 35,864.

*Patrick J. Casey,* for appellants.
*Thomas P. Welch,* for respondent.

MAGNEY, JUSTICE.

Plaintiffs are the owners of certain lots in the village of Howard Lake, Wright county, and defendant is the owner of an unplatted parcel of land directly to the north of plaintiffs' lots. It is unnecessary here to recite the legal description of the properties. The lands of the parties have a common boundary. Plaintiffs claim that defendant trespassed on their lots by building a house over the line and causing other damage and ask that they be adjudged the owners of said lots and that defendant be directed to remove the improvements and restore the property. The defendant claims that the location of the boundary line between the two tracts is in dispute, that the true boundary passes some distance south of defendant's dwelling, and that the claimed true boundary has been acquiesced in by the parties and their predecessors for more than 15 years. He asks that the boundary line between the lands of the parties be defined and determined. The trial court found that the plaintiffs for

---

[1]Reported in 56 N. W. (2d) 427.

more than 20 years have cultivated and farmed up to a "ridge" along the north boundary line of their property; that defendant and his predecessors in interest have farmed and occupied defendant's property immediately to the north of said "ridge"; that said "ridge" extends in an easterly and westerly direction in a straight line; that immediately to the north of the "ridge" the defendant, since the purchase of the land in 1945, built a residence; that the residence does not encroach on plaintiffs' lands; that the said "ridge," which plaintiffs and defendant and his predecessors in interest observed, recognized, and determined to be the boundary between the property of plaintiffs and that of defendant, is a straight line extending in a general westerly direction from Howard street in said village to the southwest corner of defendant's property, passing and being located 1.57 feet due south of the southwest corner of defendant's dwelling house as now located on defendant's property and 1.91 feet due south from the southeast corner of said dwelling house; that said line has been recognized and acquiesced in by the parties as well as their predecessors in interest; that defendant and his predecessors in interest have for more than 20 years openly, notoriously, continuously, adversely and hostilely, and under claim of right occupied the lands above described north of said line; and that, relying thereon, defendant subjected himself to the expense of extensive improvements, among which was the construction of the dwelling house in 1947 and 1948. Judgment was entered in accordance with the findings. Plaintiffs appeal therefrom.

The evidence fully supports the findings. In view of what follows, it is unnecessary to recite or discuss it. The particular ridge of earth which marked the line between the properties of the parties was observed and recognized by plaintiffs and defendant and his predecessors in interest for nearly 30 years. Stakes were placed on the center of the ridge, and a survey determined the location of the line with reference to the southerly wall of defendant's dwelling. The result of the survey is set out in the findings.

We stated that it is unnecessary to recite or discuss the evidence. The reason for this is found in plaintiffs' brief where they state:

"In this particular case there isn't too much difference in the testimony as to the physical facts, i.e., the general appearance of the area in which the property in question is located. *All parties agree that there was a ridge of earth which has been recognized for more than fifteen years as the boundary line between the plaintiffs' property involved herein and that of the defendant."* (Italics supplied.)

Judgment affirmed.